# REPUBLIC OF HAWAII *v.* JOHN D. PARIS.

APPEAL FROM DISTRICT COURT, SOUTH KONA, HAWAII.

SUBMITTED DECEMBER 23, 1896.    DECIDED JANUARY 19, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

The statute which directs that the Board of Education shall make a complete census of the inhabitants, showing the number of inhabitants in each district, the number of each sex, such other particulars as the Board may direct, and the increase and decrease of the population, does not authorize the Board to make a census of the wealth of the inhabitants.

OPINION OF THE COURT BY JUDD, C.J.

The defendant was convicted in the District Court of South Kona, Hawaii, of the offense of refusing to answer certain questions propounded to him by an agent of the Board of Education, alleged to be relating to or necessary for the making of a complete census, as of the 27th day of September, 1896, in violation of Section 7, Chap. 79 of the Penal Code, as amended by Chap. 17 of the Laws of 1878.

The law as it stood when the census of 1896 was taken is as follows:

"Section 41.    It shall be the duty of the Board of Education, every sixth year, counting from the year 1860, to make a complete census of the inhabitants of the kingdom, to be laid before the king and legislature for their consideration; every census shall comprise, in distinct columns, the number of inhabitants

in each district, the number of each sex, and such other particulars as the Board of Education may direct, and shall show the increase or decrease of the population.

"Section 42 (as amended). To enable the Board of Education to carry into execution the design of the last preceding section, relating to the census, it is hereby authorized to make, through its agents, all proper and necessary inquiries. And all persons are hereby required, under pain of a fine not to exceed fifty ($50) dollars, to be imposed by any police or district justice, to answer to the best of their knowledge all such questions as shall be propounded by the agents of the Board, relating to, or necessary for, the making of a complete census."

The defendant made return on the blank furnished him, stating his name, age, sex, nationality, occupation and religion, and that he was a voter, and the same particulars as to the members of his family and an employe living in his residence. But he declined to fill the blanks in response to the questions how many head of cattle, horses, mules, donkeys, working oxen, sheep, pigs, goats and milch cows he owned; also the material with which his house was constructed, how roofed, how many rooms it contained, including kitchen. On conviction he appealed to this court on points of law, among them that the law did not require him to answer any questions as to his property, but only those respecting his person and his family, as to age, sex, nationality, &c., and these he had answered. The other points of appeal we do not find it necessary to decide, and so assume for the purposes of this case that the particulars required by the census blank were authorized by the Board of Education, and that the sub-agent who delivered the blank to the defendant and required him to make full return thereon was duly qualified to act.

It is contended by the Attorney-General on behalf of the government that the questions defendant refused to answer (being those as to his ownership of property and its amount) were fairly "relating to and necessary" to the making of a complete census. The defendant's counsel contends that the law

requires only "a complete census of the inhabitants of the Republic," and that the particulars specifically required are only the number of inhabitants in each district, the number of each sex, and that the census shall show the increase or decrease of the population. And as to the other particulars required by the blank which defendant declined to answer, they were not analogous or germane to any required by the law, and had no reference to nor were they necessary to the making of a complete census of the inhabitants.

This statute is not strictly a penal statute. It does not punish a *malum in se*, and has for its object the useful public purpose of securing statistics; yet it is for the purposes of this case a penal statute in that it imposes a penalty upon those who do not comply with its provisions. The provisions, therefore, which affect the defendant must be strictly construed. We remark that the questions required by the blank to be answered are not claimed to be frivolous or vexatious, and the answers would afford matter for interesting statistics, but the question before us is whether under the law they must be answered by the individual inhabitant, and in case of his refusal subject him to a fine. Do these refused questions relate to or are they necessary to the making of a complete census of the inhabitants?

In our case *no details* are in express terms required, except the enumeration of the inhabitants of each district, the sex of each—the declared object being to ascertain if the population is increasing or decreasing. All other details are left to the discretion of the Board of Education. The dictionary definitions of the word *census* are, we think, given in view of the statutes in other countries which generally require information as to the wealth of the inhabitant, its amount and character; and so, for example, Webster defines the word "census" to mean "an official registration of the number of the people, the value of their estate, and other general statistics of the country." The word "census" is derived from the Latin *"censere,"* to reckon. But neither the dictionaries nor the reported cases, so far as we know, have

undertaken to define what particular enquiries are properly relative to or necessary in order to make a complete census of the inhabitants. Being thus left to our judgment as to what questions are germane to the general object of a census of the inhabitants, we should say that such as appertain to the individual are germane, as the sex, age, nationality, &c. These are strictly particulars appertaining to the individual. Without some expression in the law requiring an exhibit of the wealth of the individual, it would be unsafe to go farther and punish him for not exhibiting it in full detail. But these particulars are not descriptive of the individual inhabitant. They only express his relation to material things. A census of the inhabitants would be complete without these particulars.

We do not find the law broad enough to authorize the Board of Education to require them, and therefore sustain the appeal and quash the conviction.

*Attorney-General Smith*, for prosecution.

*Thurston & Stanley*, for defendant.